UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

CIVIL ACTION NO. 2008-284 (WOB)

DONALD PENNINGTON                                                              PLAINTIFF

VS.                    MEMORANDUM OPINION and ORDER

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY                              DEFENDANT

This matter is before the court on the motion for summary judgment of the plaintiff (Doc. 13) and the cross-motion for summary judgment of the defendant (Doc. 16 ).

In reviewing the decision of the ALJ in Social Security cases, the only issue before the court is whether the decision is supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 390 (1971). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. Even if the evidence could also support another conclusion, the decision of the ALJ must stand if the evidence could reasonably support the conclusion reached." Alexander v. Apfel, 17 Fed. Appx. 298 (6th Cir. 2001)(citing Buxton v. Halter, 246 F.3d 762, 772-73 (6th Cir. 2001)).

In order to qualify for disability benefits, a claimant must establish that he is disabled within the meaning of the Social Security Act. 42 U.S.C. § 423(a)(1)(D). The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(2)(A).

The Social Security Act requires the Commissioner to follow a five-step process when making a determination on a claim of disability. Heston v. Commissioner of Social Security, 245 F.3d 528 (6th Cir. 2001). First, the claimant must demonstrate that he is not currently engaged in "substantial gainful activity." Heston, 245 F.3d at 534 (citing Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990)(citing 20 C.F.R. § 404.1520(b)). Second, if the claimant is not engaged in substantial gainful activity, he must demonstrate that he suffers from a severe impairment. Id. "A 'severe impairment' is one which 'significantly limits . . . physical or mental ability to do basic work activities.'" Id. (citing 20 C.F.R. §§ 404.1520(c) and 416.920(c)). Third, if the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets or equals a listed impairment at 20 C.F.R. pt. 404, subpt. P, appendix 1, then the claimant is presumed disabled regardless of age, education or work experience. Id. (citing 20 C.F.R. §§ 404.1520(d) and 416.920(d)(2000)). Fourth, the claimant is not disabled if his impairment(s) does not prevent him from doing his past relevant work. Id. Lastly, even if the claimant cannot perform his past relevant work, he is not disabled if he can perform other work which exists in the national economy. Id. (citing Abbott, 905 F.2d at 923).

The claimant has the burden of establishing that he is disabled, but the Commissioner bears the burden of establishing that the claimant can perform other work existing in the national economy.

At the time of his last hearing, the claimant was fifty-two years old, and had a high school education. The claimant has prior relevant work experience as a security officer at a hospital, where he worked for twenty-four years. The claimant left his job as a security officer when the hospital began contracting with an outside business for its security needs. He testified that he has not found

further employment because of his impairments.

The claimant filed this application for disability on August 6, 2001. His application was first denied by hearing decision on August 27, 2002. The claimant appealed to the United States District Court for the Eastern District of Kentucky. On March 3, 2004, Judge Unthank issued an opinion remanding the case for further review. Pennington v. Barnhart, 6:02-cv-629 (GWU). On April 12, 2005, on remand, the ALJ again denied claimant's application for benefits  The claimant appealed the ALJ's decision. On May 10, 2007, Judge Unthank remanded this case to the Commissioner, for the second time, with instructions to consider the claimant's mental status. Pennington v. Barnhart, 6:05-cv-340 (GWU). On June 22, 2007, the ALJ, for the third time, denied the claimant benefits. The claimant appeals to this court.

The claimant alleges that he became disabled on January 21, 2001 due to depression, anxiety, chronic obstructive pulmonary disease, hernia, brain stem injury and cardiac problems. In his order of May 10, 2007, Judge Unthank found substantial evidence supported the ALJ's findings with regard to the claimant's physical impairments and limitations, but remanded the case to the Commissioner with instructions to further consider the claimant's mental impairments. Thus, this appeal is directed to only claimant's mental impairments.

At the hearing on this application, the ALJ sought testimony from the claimant and a vocational expert. Upon hearing the testimony and reviewing the record, the ALJ performed the requisite five-step evaluation for determining disability.

At step one, the ALJ determined that the claimant had not been engaged in substantial gainful activity since the alleged onset of disability and met the insured status requirements through September 30, 2006. At step 2, the ALJ determined that the claimant's depression, chronic

3

obstructive pulmonary disease, hernia, brain stem injury and history of cardiac problems are severe impairments. He found, however, that there was no indication that the claimant had a mental impairment.

At step 3, the ALJ determined that, although claimant has impairments that are "severe," he does not have an impairment or combination thereof that is listed in or equal to one listed at 20 C.F.R. pt. 404, subpt. P, appendix 1.

At step 4, the ALJ found that the claimant had the residual functional capacity (RFC) to perform light exertion work. Specifically, the ALJ found that the claimant could lift and carry 20 pounds occasionally and 10 pounds frequently; and walk/stand/sit for up to six hours a day. He must avoid vigorous aerobic exercise, but he has no postural or manipulative restrictions. The claimant must avoid temperature extremes, wetness and humidity. The ALJ found that the claimant has a fair ability to tolerate work stresses, function independently, maintain attention and concentration to perform tasks, understand, remember and carry out complex instructions, and to behave in an emotionally stable manner. Based upon this RFC finding, the ALJ concluded that the claimant could perform his past relevant work. Therefore, the ALJ found that the claimant was not disabled.

The claimant argues that the ALJ did not follow Judge Unthank's instructions on remand. After a thorough review of the record, this court agrees.

In his memorandum opinion of May 10, 2006, Judge Unthank found that the ALJ's decision was not supported by substantial evidence because there was not sufficient evidence to overcome the opinion of Dr. Matthew, the treating psychiatrist. Specifically, Judge Unthank stated:

> Essentially, against the specific restriction and opinion of a treating psychiatrist, there is only the evidence by Dr. Jain of higher functioning in 2001 and the reports of state agency sources who did not examine the claimant. The most recent state agency reviewers were Psychologist H.

4

> Thompson Prout, who concluded on March 19, 2003 that the plaintiff's allegation s were "somewhat credible, but not at marked levels of restriction." (Tr. 532). However, he gave "significant weight" to the prior ALJ's denial decision, rather than basing his opinion only on the newly-submitted records of mental health treatment. The second state agency psychologist affirmed Dr. Prout without additional discussion. (Tr. 599-600). Thus, their reports provide little help in overcoming a treating source opinion.
>
> That leaves only Dr. McKeown. His testimony at the hearing was focused on his conclusion that the plaintiff did not meet a Listing. (Tr. 724-5). He recited a list of functional restriction, but without giving any clear explanation of why his opinion differed from that of the examining source. (Tr. 725-6). Apart from a suggestion that a person with a GAF in the 40s would require more intensive treatment than Mr. Pennington was receiving, and, apparently, assuming that there could be no legitimate explanation for someone with this level of functioning not receiving such treatment, Dr. McKeown simply listed his opinion of Mr. Pennington's restrictions without elaboration. Without more detailed rational, Dr. McKeown's opinion does not provide enough information to overcome the treating source opinion. See Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994).
>
> The decision will be remanded for further consideration of the plaintiff's mental status.

Pennington v. Commissioner of Social Security, Case No. 6:05-cv-00340-GWU, pp. 11-12 (E.D. Ky. May 10, 2006) (footnote omitted).

Here, despite Judge Unthank's finding that the medical evidence from the consulting physicians did not provide enough information to overcome the treating source's opinion, the ALJ did not mention Dr. Matthew's opinion, or obtain further evaluation or explanation from Dr. McKeown or another consultant. Instead, after noting that the District Court had remanded the case for reevaluation of claimant's mental impairment, the ALJ found that there was no new evidence of deterioration or significant treatment and adopted the prior hearing decision, which Judge Unthank had found was based on insufficient evidence. The court finds that the ALJ did not provide the "further consideration" of claimant's mental status as ordered by Judge Unthank.

In addition, the court notes that the ALJ stated, as support for the current administrative decision, that Doctor Bennett, a consulting examiner, had reported that the claimant's ability to understand and perform simple instructions was not impaired. However, the ALJ ignored Dr. Bennett's findings that: 1) Mr. Pennington's ability to tolerate stress and pressure of day-to-day employment was moderately limited; 2) Mr. Pennington's capacity to interact appropriately with co-workers and supervisors was markedly limited; and 3) that Mr. Pennington's ability to sustain attention and concentration toward the performance of simple repetitive tasks was slightly limited. (AR 892-93). These findings are particularly relevant because the vocational expert opined that with marked limitations in his ability to interact with supervisors and co-workers the claimant would not be able to perform his past relevant work. (AR 999).

The court finds that the ALJ's decision is not based on substantial evidence and that he failed to heed Judge Unthank's instructions on remand. Specifically, the ALJ did not obtain any further evaluations, but simply reevaluated the existing evidence, which Judge Unthank had already held did not provide enough information to overcome the treating source opinion.

Therefore, the court being advised,

**IT IS ORDERED** that the motion for summary judgment of the plaintiff (Doc. 13) be, and it hereby is, **granted in part** as to plaintiff's request for a reversal of the Commissioner's decision, and **denied in part** as to his request for a court ordered award of benefits, and that the cross-motion for summary judgment of the defendant (Doc. 16) be, and it hereby is, **denied**.

**IT IS FURTHER ORDERED** that this action be, and it is, hereby **remanded** to the Commissioner for further proceedings.

This 20th day of March, 2009.



Signed By:
*William O. Bertelsman* WOB
United States District Judge